IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN COLEMAN, | § | |
| | § | No. 310, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1511006774A/B |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 26, 2025
Decided: May 19, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Appellant Kevin Coleman, having been convicted of numerous firearm offenses, a drug offense, and resisting arrest—convictions this Court affirmed on direct appeal—moved for postconviction relief under Superior Court Criminal Rule 61. The gravamen of Coleman's motion was that his trial counsel's deficient performance effectively deprived him of his Sixth Amendment right to counsel. More particularly, he asserted that his counsel's tactical decision—to which he claims not to have consented—to concede guilt as to certain charges, while pressing for a not guilty verdict as to others, constituted ineffective assistance of counsel and entitled him to a new trial.

(2)     The central thrust of Coleman's argument on appeal is that the court erred in assessing his ineffective-assistance-of-counsel claim under *Strickland v. Washington*[1] instead of under *United States v. Cronic*.[2]

(3)     In *Cooke v. State*,[3] this Court explained how the assessment of ineffective-assistance-of-counsel claims differs when the court applies *Cronic* rather than *Strickland*:

> To prevail on a claim of ineffective assistance of counsel, a defendant must typically satisfy the two-pronged test set out in *Strickland v. Washington*.  First, counsel's performance must have been deficient, meaning that "counsel's representation fell below an objective standard of reasonableness."  Second, if counsel was deficient, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[73]  However, in *United States v. Cronic,* a companion case to *Strickland,* the United States Supreme Court held that there are three scenarios in which the defendant need not satisfy the *Strickland* test, because prejudice is presumed: (1) where there is a complete denial of counsel; (2) where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; and (3) where counsel is asked to provide assistance in circumstances where competent counsel likely could not.[4]

(4)     Coleman argues that, by virtue of his counsel's strategic decision, his case falls within the second scenario identified above—that is, he contends that the

---

[1] 466 U.S. 668 (1984).

[2] 466 U.S. 648 (1984).

[3] 977 A.2d 803 (Del. 2009).

[4] *Id*. at 848 (internal citations omitted).

2

prosecution's case was not subjected to meaningful adversarial testing. This, according to Coleman, relieves him from the burden of establishing prejudice.

(5) Coleman has not persuaded us that his counsel's decision occasioned "a complete breakdown of the adversarial system."[5] We thus agree with the Superior Court's conclusion that counsel's decision fell "within the purview of *Strickland*"[6] and that consequently Coleman was required to show prejudice. And for the reasons stated in the Superior Court's July 15, 2024 Memorandum Opinion and Order, we are satisfied that it is not reasonably probable that, had Coleman's counsel followed Coleman's preferred strategy, the result of his trial would have been different. Put differently, Coleman did not suffer prejudice within the meaning of *Strickland*.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[5] *State v. Lawrie*, 1995 WL 818511, at *10 (Del. Super. Nov. 28, 1995), *aff'd*, 682 A.2d 626, 1996 WL 415913 (Del. July 15, 1996) (TABLE) ("[I]n some cases, a trial attorney may be justified in strategically admitting his client's guilt to some of the charges."); *see also United States v. Swanson*, 943 F.2d 1070, 1075–76 (9th Cir. 1991) ("[I]n some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges.").

[6] *State v. Coleman*, 2024 WL 3413459, at *7 (Del. Super. July 15, 2024).